Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as facts and concludes as matters of law the following, which was entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of parties. Defendant is self-insured and claims are handled by Key Risk Management Services, Inc.
3. No parties appear in a representative capacity.
4. The employer-employee relationship as defined by G.S. 97-2(2) existed between the parties at all relevant times.
5. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
6. The average weekly wage is $303.20, subject to a Form 22 Statement of Days Worked and Earnings of Injured Employee, which was never submitted into evidence.
7. Plaintiff is uncertain of the exact date of his injury, but plaintiff contends it occurred on or about the morning of 27 July 1998 when he was moving a sewer pipe.
8. The nature of plaintiffs injury is as follows: surgery involving an anterior discectomy, fusion and instrumentation for a cervical disc herniation, C5-6, and residual pain and loss of use of left arm. At the time of the hearing before the Deputy Commissioner, plaintiff had not been rated for permanent partial disability.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-seven years old and began working with defendant in February 1998 as a maintenance worker in the water and sewer department. Plaintiffs job duties involved heavy labor. For unknown reasons, plaintiff resigned from his position with defendant on 13 October 1999.
2. Plaintiff alleges that on or about 27 July 1998, he picked up a ten-foot sewer pipe weighing approximately sixty to seventy pounds, put it on his left shoulder, turned, and felt a sharp pain in his shoulder that felt like his shoulder "fell to his knees. Plaintiff reported the incident to his co-worker, Russ Panzeno, who came out of the restroom immediately after the alleged incident. At the hearing before the Deputy Commissioner, both Russ Panzeno and plaintiffs wife corroborated plaintiffs testimony in this regard. Plaintiff further alleges that he reported the incident to his supervisor, Thomas Blackmon, Nurse Amy Pearson, Dr. Strickland, and Dr. Lance. However, the testimony of these four persons conflicted with that of plaintiff.
3. Plaintiff continued to work full-time, and even some over-time, from 27 July 1998 until 30 August 1998.
4. On 19 August 1998, plaintiff presented for treatment with James D. Strickland, M.D., at Alamance Regional Medical Center. Amy Pearson, a nurse with Alamance Regional Medical Center, was also present during the examination. Alamance Regional Medical Center performs contract medical services for defendant. Plaintiff complained of pain in his neck, left shoulder, and left arm. When asked specifically whether plaintiff had been injured at work or at home, plaintiff responded that his shoulder had just been bothering him for approximately a month and was getting worse. Plaintiff did not report a work-related injury to Dr. Strickland or Nurse Pearson.
5. On 28 August 1998, plaintiff reported to Edward D. Lance, M.D., a family physician. Plaintiff complained of pain, which had been present for about a month, across the top of his left shoulder radiating into his neck and down his left arm. Plaintiff did not relate his pain to any specific incident that Dr. Lance documented. Dr. Lance ordered an MRI of the neck, which revealed a protruding disc at C5-6 compressing the spinal cord. Dr. Lance referred plaintiff to Paul B. Suh, M.D., at the North Carolina Spine Center.
6. On 3 September 1998, plaintiff went to defendants human resources department to report that his paycheck was short. Plaintiff talked with Joel Dunlap, a human resources analyst with defendant since 1977. Mr. Dunlap informed plaintiff that plaintiff did not have enough sick leave. Plaintiff explained that he had a problem with his shoulder and neck. Plaintiff also told Mr. Dunlap that he could not remember hurting his shoulder at home or at work, and that it was not a workers compensation injury.
7. On that same day, 3 September 1998, plaintiff first saw Dr. Suh, an orthopedic surgeon. Plaintiff complained to Dr. Suh of left arm and neck pain that began after he picked up a pipe and rested it on his shoulder at work. Plaintiff reported that when he turned with the pipe on his shoulder, he felt a sharp pain in the central cervical region which radiated to his left shoulder and upper arm. Dr. Suh initially referred plaintiff to physical therapy, but his condition did not improve. Dr. Suh performed an anterior discectomy in mid-September 1998.
8. The surgery provided plaintiff with relief, and he returned to work for defendant approximately three to three and a half months later performing modified duty. Plaintiff received the same salary as his pre-injury wages.
9. Plaintiff reached maximum medical improvement on 22 July 1999. As a result of the herniated disc, plaintiff sustained a ten percent permanent partial disability to his neck.
10. Dr. Suh testified at his deposition that if the incident with the pipe occurred as plaintiff alleged, it is "within the realm of likelihood that a disc herniation could result.
11. In August 1998, plaintiff sought treatment for his neck and left arm pain from Dr. Strickland and Dr. Lance. Plaintiff did not report a work-related injury to either of these doctors. Although it is plausible for an injury to have occurred as plaintiff contends, plaintiffs claim is not accepted as credible.
12. Plaintiff has not proven that he sustained a herniated disc on or about 27 July 1998 as the direct result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment with defendant.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant as a result of a specific traumatic incident of the assigned work. G.S.97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation benefits under the Act is hereby DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
RCR:db